PREGERSON, Circuit Judge,
dissenting:
Before Hector Aguirre was extradited from Mexico to the United States our government assured the Mexican government that “neither a sentence of death nor of natural life imprisonment [would] be sought or imposed in [Aguirre’s] case.” In 2008, when Aguirre was 26 years old, a California state court sentenced him to 84-years-to-life. Aguirre will not be eligible for parole until 2088, around the time of his 106th birthday.[1] It is a near certainty that he will be imprisoned for the remainder of his natural life.[2]
According to Black’s Law Dictionary, “[n]atural life” means “[a] person’s physical life span.” Black’s Law Dictionary (10th ed.2014). “Life imprisonment” means “[c]onfinement of a person in prison for the remaining years of his or her natural life.” Id. Therefore, natural life imprisonment is the confinement of a person in prison for the remaining years of his or her physical life span.
The dictionary definition of “natural life imprisonment” demonstrates that the California courts made an unreasonable legal determination when they found that a sentence of 84-years-to-life did not constitute a sentence of natural life imprisonment. Because Aguirre’s sentence almost certainly ensures that he will be imprisoned for the remainder of his natural life, his sentence violates the extradition agreement between the United States and Mexico. Clearly a lengthy, indeterminate sentence is a sentence of a natural life imprisonment *688 if the parole eligibility date falls outside the individual’s expected life span.
California’s use of the infinitesimally small possibility that Aguirre will live to 106 years old and be considered for parole to justify its decision that he was not sentenced to natural life imprisonment is not in keeping with the mutual respect between sovereigns that serves as the basis for international extradition. See United States v. Baez, 349 F.3d 90, 93 (2d Cir.2003) (“[I]n evaluating the exact limitations set by the extraditing nation, courts should not elevate legalistic formalism over substance. To do otherwise would strip comity of its meaning.”). Such behavior endangers the United States’ ability to bring back individuals accused of crimes in the future through extradition agreements and jeopardizes the treatment of United States citizens in prosecutions abroad. See United States v. Cuevas, 847 F.2d 1417, 1426 (9th Cir.1988) (“To guarantee limited prosecution by nations seeking extradition of persons from the United States, the United States has guaranteed, pursuant to treaty, that it will honor limitations placed on prosecution in the United States.”)
For these reasons, I respectfully dissent.

. The court credited Aguirre for the time he served prior to his sentencing.

. According to the United States- Census Bureau, a male born in 1982, like Aguirre, has a life expectancy of about 70.8 years. U.S. Census Bureau, Statistical Abstract of the United States: 2012, Table 104: Expectation of Life at Birth, 1970 to 2008, and Projections, 2010-2020, http://www.census.gov/compendia/statab/ 2012ltablesll2s01Q5.pdf. While these statistics generally apply to individuals born in the United States, Aguirre currently resides in the United States and this average life expectancy illustrates the most optimistic view of his expected life span considering that the life expectancy in Mexico is of a shorter duration.